**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LINWOOD EDWARD TRACY, JR., | 3:09-CV-00046-BES-RAM |
| Plaintiff, | 3:09-CV-00150-BES-RAM |
| v. | **ORDER** |
| DAVID A. CLARK; STATE OF NEVADA BAR ASSOCIATION; JACOB N. SOMMER; CHARLOTTE SHANNON, | |
| Defendants. | |
| LINWOOD EDWARD TRACY, JR., | |
| Plaintiff, | |
| v. | |
| WILLIAM G. ROGERS; WILLIAM G. ROGERS, Esq., DISTRICT COURT JUDGE; THIRD JUDICIAL DISTRICT COURT CHURCHILL & LYON COUNTY; JACOB N. SOMMER, esq., of THE LAW OFFICE OF JACOB N. SOMMER, LLC.; EARLEEN LOUIS EDWARDS BEVENS; MR. EARL EDWARDS, and DAVID A. CLARK, individual; DAVID A. CLARK, Esq.; STATE BAR OF NEVADA; and ARTHUR MALLORY, individual; ARTHUR MALLORY, Esq., D.A. CHURCHILL COUNTY, | |
| Defendants. | |

Presently before the Court is Defendant Jacob Sommer's ("Sommer") Motion to Dismiss Pursuant to FRCP 12(b)(6) (#3) filed January 29, 2009. Plaintiff Linwood Edward Tracy, Jr.

1

("Tracy") filed two documents in opposition to Sommer's Motion to Dismiss (titled "Response to Minutes of the Court January 30, 2009" (#6) and "Motion to Dismiss Untimely Appearance" (#10)) on February 5, 2009 and February 18, 2009 respectively.

Also before the Court is Defendant State Bar of Nevada's ("SBN") Motion to Dismiss (#7) filed February 17, 2009. Defendant David Clark ("Clark") also filed a Motion to Dismiss for Failure to State a Claim for Relief (#8) on February 17, 2009. Tracy filed an opposition to these motions (titled "Default Judgment Request") (#17) on February 26, 2009. SBN and Clark filed a Joint Reply to Plaintiff's Opposition to Motions to Dismiss (#19) on March 2, 2009.

Also before the Court is Sommer's Motion for Sanctions Pursuant to FRCP 11 (#14) filed February 23, 3009. Tracy filed several responses to this Motion (titled "Motion to Dismiss Sanctions" (#16), "Motion to Dismiss Sanctions Amendment" (#20) and "Motion to Dismiss Untimely Appearance" (#21)) on February 16, March 4 and March 12, 2009 respectively. Sommer filed a Reply to Plaintiff's Opposition to Motion for Sanctions Pursuant to F.R.C.P. 11 (#18) on March 2, 2009. Tracy filed a further reply (titled "Motion to Dismiss Untimely Appearance and Reply to Plaintiff's Opposition") (#22) on March 12, 2009.

Also before the Court is Tracy's Motion for Preliminary Injunction (#23) filed March 16, 2009. Sommer filed his Opposition to Plaintiff's Motion for Preliminary Injunction (#24) on March 23, 2009. SBN and Clark joined Sommer's Opposition on March 24, 2009 (#25)

On March 25, 2009, Tracy filed two more motions titled "Motion for Order to Show Cause for Preliminary Injunction Pursuant to F.R.C.P. Rule 65 Upon David A. Clark, Esq" (#27) and "Motion for Preliminary Injunction F.R.C.P. Rule 65" (#28).

Additionally, on March 25, 2009, Tracy filed a nearly identical lawsuit naming several additional defendants, including Judge William Rogers ("Judge Rogers"), the Third Judicial District Court of Churchill County Nevada, Earleen Louis Edwards Bevens [sic] ("Bevins"), Earl Edwards ("Edwards"), and Arthur Mallory ("Mallory"), District Attorney for Churchill County, Nevada. (Compl. (#1) 1).

## I. BACKGROUND

This matter arises out of a series of lawsuits initiated by Tracy. In the first of these

lawsuits, Tracy sued Bevins, Edwards, Sommer, Judges Huff and Estes of the Third Judicial District Court, Governor Jim Gibbons and the Churchill County District Attorney alleging that the various defendants had violated Tracy's constitutional rights. See Tracy v. Huff et al, 3:08-cv-00496-BES-RAM ("Tracy 1"). The Court dismissed this action as to all defendants in two orders dated January 20 and March 26, 2009 respectively. During the course of Tracy 1 and the various defendants' dealings with Tracy, it came to the attention of SBN that Tracy may have been engaging in the unauthorized practice of law. On January 7, 2009, SBN filed a Complaint for Injunctive Relief for the unauthorized practice of law in the Third Judicial District Court, State of Nevada. (Sommer's Mot. (#3) 2). SBN's complaint alleged that Tracy had engaged in the unauthorized practice of law by preparing, filing, and prosecuting civil actions in court to assert and adjudicate the legal rights and remedies of third parties. Id. at 2-3. In what has become Tracy's pattern of dealing with decisions or rulings against him in state court, Tracy attempted file a federal lawsuit against the parties involved in the state court matters. On January 26, 2009, Tracy filed a document with this Court titled "Plaintiff Moves Case No. #34533 of Dept. #1 in the Third Judicial District Court of the State of Nevada in and for the County of Churchill for U.S. Constitutional Violations into Federal Jurisdiction" (#1). This Court styled the document as a civil complaint ("Tracy 2").

On March 25, 2009, Tracy filed another lawsuit in this Court ("Tracy 3") naming several of the defendants from Tracy 1 and Tracy 2, as well as Judge Rogers. The factual allegations of the complaints from Tracy 2 and Tracy 3 are not entirely coherent, but in both complaints, Tracy basically alleges that the various defendants have violated his right to the free exercise of his religion by attempting to restrain him from practicing law. See (Tracy 2 Compl. (#1) 6-8); (Tracy 3 Compl. (#1) 9-16).

## II. DISCUSSION

### A. Consolidation

While none of the parties have requested consolidation of Tracy 2 and Tracy 3, the Court may address the matter sua sponte. See Vance v. Barrett, 345 F.3d 1083,1087 (9 Cir. 2003). Fed.R.Civ.P. 42(a) states, "[w]hen actions involving common question of law or fact

are pending before the court, it...may order all the actions consolidated." "The district court, in exercising its broad discretion to order consolidation of actions presenting a common issue of law or fact under Rule 42(a), weighs the saving of time and effort consolidation would produce against any inconvenience, delay or expense that it would cause." Huene v. U.S., 743 F.2d 703, 704 (9th Cir. 1984). "Consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits in to a single cause . . . or make those who are parties in one suit parties in another." Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97 (1993).

In this matter, the Court finds that consolidation of Tracy 2 and Tracy 3 is appropriate. First, the two cases involve similar parties and overlapping issues of fact and law. Both Tracy 2 and Tracy 3 involve SBN's attempts to enjoin Tracy from the unauthorized practice of law, and Tracy's objections to these proceedings. Second, given Tracy's pattern of inundating this Court and opposing parties with complaints and motions that are mislabeled, duplicative, confusing and meritless, the Court finds that consolidation of Tracy 2 and Tracy 3 would save the Court considerable time and effort and promote judicial economy. Consolidating these two actions would be significantly more efficient than trying the cases individually and would eliminate the substantial duplication of labor which would otherwise result from addressing these cases separately. Finally, it would avoid the risk of potentially inconsistent outcomes. See Huene, 743 F.2d at 704. The Court also notes that consolidation of these matters does not affect Tracy's substantive rights, nor would it result in inconvenience, delay or expense sufficient to offset the benefits to judicial economy that would result from consolidation. Thus, based on the foregoing, the Court exercises its discretion to consolidate cases 3:09-cv-46 and 3:09-cv-150 and will consider them together for purposes of this order.

**B.  Subject Matter Jurisdiction**

Before the Court may consider the merits of the various motions, it must first determine whether it has subject matter jurisdiction over both Tracy 2 and Tracy 3. 28 U.S.C. §1331 provides that "the district courts shall have original jurisdiction of all civil actions arising under

the Constitution, laws, or treaties of the United States."[1]  Federal question jurisdiction extends only in those cases in which a well-pleaded complaint establishes "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law.  Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 27-28 (1983).  In order for a complaint to state a claim "arising under" federal law, it must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question.  Easton v. Crossland Mortgage Corp., 114 F.3d 979, 982 (9th Cir. 1997) (citation omitted).

Federal law creates a cause of action if federal law provides a legal entitlement to a remedy.  See American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916).  Where the complaint is drawn to seek recovery directly under the Constitution, federal courts must generally entertain the suit.  Bell v. Hood, 327 U.S. 678, 681-82 (1946).  Put another way, where the complaint asserts a federal question, jurisdiction is facially conferred.  Cook v. Kiewit Sons Co., 775 F.2d 1030, 1035 n.7 (9th Cir. 1985).  However, the substantiality doctrine provides an exception to this rule.  Id.  Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider.  Id.  The claim must be "so insubstantial, implausible, foreclosed by prior decisions of the court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the district court."  Id.

A review of the complaints in Tracy 2 and Tracy 3 reveals that he repeatedly asserts that his constitutional rights have been violated by the various defendants.  At one point in the Tracy 3 complaint, Tracy has reproduced a copy of the Declaration of Independence, as well as the First Amendment.  (Tracy 3 Compl. (#1) 4-7).  Similarly in the Tracy 2 complaint, Tracy quotes the First Amendment Establishment Clause, as well as Articles 9 and 10 of the Constitution.  However, even after careful review of both complaints, the Court finds it difficult to discern why SBN's complaint against Tracy for the unauthorized practice of law is an

---

[1]The Court concludes that diversity jurisdiction is not present in either case because Tracy and all of the defendants appear to be citizens of the State of Nevada.

5

infringement on his rights under the Free Exercise Clause, and how the other defendants in these actions are even involved. Thus, although Tracy asserts constitutional violations in both complaints, his claims in both suits are so insubstantial, implausible and devoid of merit as not to involve a federal controversy within the jurisdiction of this Court. As such, Court concludes it does not have subject matter jurisdiction pursuant to §1331 to decide these matters, and hereby dismisses both actions.

**C. Remaining Motions**

Because the Court has dismissed Tracy's complaints for lack of subject matter jurisdiction, all remaining motions have been rendered moot and the Court will not consider them here.

### III. CONCLUSION

Accordingly, IT IS ORDERED that cases 3:09-cv-46 and 3:09-cv-150 are consolidated.

IT IS FURTHER ORDERED that case number 3:09-cv-46 is hereby DISMISSED for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that case number 3:09-cv-150 is hereby DISMISSED for lack of subject matter jurisdiction.

The following motions in case number 3:09-cv-46 have been rendered moot: (#3), (#7), (#10), (#14), (#17), (#21), (#23), (#26), (#27), (#28).

The Clerk of the Court shall enter judgment accordingly.

The Clerk of the Court shall not accept any further filings in these matters.

DATED: This 27th day of March, 2009.

_____
UNITED STATES DISTRICT JUDGE